## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY ELLENBERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-314-SMY |
| | ) |
| NAVISTAR INC. a/k/a | ) |
| INTERNATIONAL HARVESTER and | ) |
| COTTRELL, INC. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Gary Ellenberger filed this action against Defendants Navistar Inc. ("Navistar") and Cottrell, Inc. ("Cottrell") seeking damages for injuries he sustained while operating a Navistar rig. Now pending before the Court is Navistar's Motion for Judgment on the Pleadings (Doc. 39), to which Plaintiff filed a Response (Doc. 52). For the following reasons, the Motion is **DENIED**.

Plaintiff makes the following allegations in the Complaint: On July 5, 2017, Plaintiff was operating a Navistar rig when he sustained injuries while attempting to tighten a strap on a head rack on the rig. The tightening of the strap was necessitated by the height of the tractor as Plaintiff was required to reduce the load height to comply with legal height limitations. Plaintiff asserts that Navistar sold the truck in question specifically for use with an auto transport head rack.

Plaintiff asserts strict liability, negligence, and breach of warranty claims against Navistar. Specifically, he alleges that Navistar knew the tractor was too high in profile to be safely used in conjunction with head racks and that the tractor was not supplied with adequate warnings to advise Plaintiff and others of the dangers inherent in the use of the tractor in conjunction with head racks.

The Court generally reviews Rule 12(c) motions under the same standard as Rule 12(b) motions to dismiss. *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). However, where a party seeks "to dispose of the case on the basis of the underlying substantive merits" via Rule 12(c), the appropriate standard "is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." *Alexander v. City of Chi.*, 994 F.2d 333, 336 (7th Cir. 1993). In such cases, the Court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the non-moving party. *P-Americas, LLC v. Cent. States Se. & Sw. Area Pension Fund*, 2014 WL 3858396, at *3 (N.D. Ill. Aug. 5, 2014). A motion will not be granted unless "no genuine issues of material fact remain to be resolved" and the moving party "is entitled to judgment as a matter of law." *Alexander*, 994 F.2d at 336.

Relying on documents outside of the pleadings, Navistar moves for judgment as matter of law, contending that (1) Plaintiff's strict liability claim is barred by Illinois' 12-year statute of repose; (2) Navistar did not assemble the rig and owed no duty to ensure the finished product was safe; and (3) Plaintiff's warranty claims are barred by the 4-year statute of limitations. As Plaintiff notes, Navistar cannot seek judgment utilizing Cottrell's Notice of Removal and state court pleadings. In ruling on a Rule 12(c) motion, this Court's consideration is limited to Plaintiff's Complaint, documents referenced in the Complaint, and Navistar's Answer. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (Documents "referred to in the plaintiff's complaint and [which] are central to his claim" may be attached to the answer and considered as part of the pleadings). If Navistar seeks judgment based on documents neither referenced in nor attached to Plaintiff's Complaint, the proper vehicle is a motion for summary judgment. Here,

nothing in Plaintiff's Complaint demonstrates that any claim is untimely. Thus, Plaintiff's strict liability and breach of warranty claims survive dismissal at this juncture.

With respect to Plaintiff's negligence claim, Navistar asserts that Plaintiff fails to allege that its component tractor deviated from any standard of care. To establish a negligence claim for a defective design of a product, a plaintiff must prove that either (1) the defendant deviated from the standard of care that other manufacturers in the industry followed at the time the product was designed, or (2) that the defendant knew or should have known, in the exercise of ordinary care, that the product was unreasonably dangerous and defendant failed to warn of its dangerous propensity. *Blue v. Envtl. Eng'g, Inc.,* 828 N.E.2d 1128, 1141 (2005) (*citing Carrizales v. Rheem Mfg. Co.,* 589 N.E.2d 569, 580 (1991)).

In the Complaint, Plaintiff alleges that Navistar knew or should have known that the product was unreasonably dangerous and failed to warn that the tractor was too high in profile to be safely used in conjunction with auto transport head racks and was not supplied with adequate warnings advising of the dangers of using the tractor in conjunction with a head rack. Plaintiff further asserts that Navistar manufactured the tractor at issue knowing that it would be used with auto transport trailers and head racks. These allegations sufficiently allege a negligence claim and there is nothing in the record currently before the Court supporting Navistar's contention that it is entitled to judgment as a matter of law.

For the foregoing reasons, Navistar's Motion for Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED.**
**DATED:  June 19, 2020**

**STACI M. YANDLE**
**United States District Judge**