IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GARY ELLENBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cv-314-DWD |
| | ) | |
| COTTRELL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Plaintiff Gary Ellenberger's motion to compel discovery responses from Defendant Cottrell, Inc. ("Cottrell"). (Doc. 89) The Court instructed the parties to meet and conduct a discovery conference and then submit a written discovery report detailing the specific issues resolved and those that are still in dispute. (Doc. 91) Cottrell has responded to the motion (Doc. 96), and the parties have submitted reports. At issue are interrogatories and requests for production that Ellenberger served on Cottrell. The Court has reviewed the parties' reports and filings, and the motion (Doc. 89) to compel is **GRANTED in part** and **DENIED in part** as follows:

**Interrogatory Objections:**

1. Resolved.

2. Defendant's objections as to vagueness and unrelated subparts are sustained.

3. Not in dispute.

4. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested information but does

not comply with Federal Rule of Civil Procedure ("FRCP") 26(a)(5)(A)(ii) by providing a privilege log as described in that rule.

5. Not in dispute.

6. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested information but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule.

7. Defendant's objections are overruled.

8. Resolved.

9. Defendant's objections as to vagueness and the confusing nature of the interrogatory are sustained. Defendant has claimed attorney client and work product privileges as bases for withholding requested information but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule.

10. Resolved.

11. Resolved

12. Resolved

13. Defendant's objection is sustained.

14. Not in dispute.

15. Defendant's objection is overruled.

16. Defendant's objection is overruled.

17. Resolved.

18. Defendant has claimed attorney client and work product privileges as bases for withholding requested information but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule. Defendant's objection is therefore overruled.

19. Not in dispute.

**Requests for Production Objections:**

1. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule.

2. Resolved.

3. Resolved.

4. Resolved.

5. Resolved.

6. Resolved.

7. Defendant's objections are overruled.

8. Not in dispute.

9. Resolved.

10. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule.

11. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule.

12. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule.

13. Resolved.

14. Resolved.

15. Defendant's objections are overruled.

16. Defendant's objections are overruled. Defendant has claimed work product privileges as a basis for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule.

17. Resolved.

18. Not in dispute.

19. Not in dispute.

20. Resolved.

21. Defendant's objection on the basis of being overly broad is sustained. However, Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule.  Therefore, its objections on

these bases are specifically overruled.

22. Resolved.

23. Resolved.

24. Defendant's objections are overruled.

25. Not in dispute.

26. Resolved.

27. Not in dispute.

28. Resolved.

29. Defendant's objection is sustained. However, Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule. Therefore, its objections on these bases are specifically overruled.

30. Not in dispute.

31. Defendant's objection is sustained. However, Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule. Therefore, its objections on these bases are specifically overruled.

32. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that

rule. Therefore, its objections are overruled on these bases as well.

33. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule. Therefore, its objections are overruled on these bases as well.

34. Resolved.

35. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule.  Therefore, its objections are overruled on these bases as well.

36. Defendant's objections are overruled.

37. Resolved.

38. Resolved.

39. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule. Therefore, its objections are overruled on these bases as well.

40. Resolved.

41. Not in dispute.

42. Resolved.

43. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not

comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule. Therefore, its objections are overruled on these bases as well.

44. Resolved.

45. Defendant's objections are overruled. Defendant has claimed attorney client and work product privileges as bases for withholding requested items but does not comply with FRCP 26(a)(5)(A)(ii) by providing a privilege log as described in that rule. Therefore, its objections are overruled on these bases as well.

46. Resolved.

47. Resolved.

48. Resolved.

49. Defendant's objection is sustained.

50. Defendant's objection is sustained.

51. Defendant's objection is sustained.

52. Defendant's objection is sustained.

53. The Court reserves ruling on this request until such time that the parties submit the protective order described in the response and, if necessary, until the parties are given the opportunity to be heard.

54. Resolved.

55. Defendant's objection is sustained as being vague and overly broad.

56. Defendant's objection is sustained as being vague and overly broad.

57. Defendant's objection is sustained.

On or before **November 1, 2021**, Defendant shall supplement its discovery responses

consistent with this Order, and the parties shall meet and confer to discuss any remaining discovery disputes. A hearing is **SET** for **October 14, 2021, at 10:00 a.m.** in the East St. Louis courthouse to decide if an award of attorney's fees is merited under Federal Rule of Civil Procedure 37(a)(5)(A). At least 48 hours prior to the hearing, counsel for Plaintiff shall submit a statement of the fees and expenses associated with his preparation and prosecution of the motion to compel to Judge Dugan's proposed documents inbox (DWDpd@ilsd.uscourts.gov). The parties should also be prepared to raise and discuss any scheduling concerns at the hearing.

    **SO ORDERED.**

    Dated: October 1, 2021

                                                                  DAVID W. DUGAN
                                                                  United States District Judge