IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY ELLENBERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-314-DWD |
| | ) |
| COTTRELL, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are discovery and related scheduling matters. After granting in part Plaintiff Gary Ellenberger's motion to compel discovery responses from Defendant Cottrell, Inc. ("Cottrell") (Doc. 105), the Court now finds that an award of attorney's fees is due to Ellenberger under Federal Rule of Civil Procedure 37(a)(5)(C). And because the parties refuse to produce a joint proposed scheduling order, the Court resets the remaining deadlines.

Counsel in this case have opposed each other in a number of similar matters over the years. (Doc. 89 at 1). From comments made by counsel, it is evident that discovery disputes are not foreign to them. The history of this particular discovery dispute has been protracted and nothing less than contentious. It is, therefore, worthy of review.

In March 2019, Ellenberger served discovery requests on Cottrell. (Doc. 89 at 1). Cottrell did not serve its responses until August 2019. (Doc. 89 at 1). Cottrell's responses were replete with objections based upon scope, relevance, and privilege. Counsel for

Ellenberger forwarded a draft motion to compel to Cottrell in October 2019, but the parties did not meet and confer as required by Rule 37 until February 2021. (Doc. 89 at 1). Unfortunately, it appears that the parties made no attempt to confer by means other than a face-to-face meeting. In the Court's experience, many discovery disputes are simply a matter of a choice of wording or scope, and can be more often than not resolved by a phone call between attorneys, so long as counsel are willing to focus their legitimate objections and narrow the scope of their requests. However, there is no evidence that the parties here made an earnest effort to do anything other than minimally comply with the formal meet-and-confer requirement by having an in person meeting a year and a half after the dispute arose.

Counsel's eventual meeting proved to be unproductive because Ellenberger thereafter filed a motion to compel. (Doc. 89). With the parties evidently mired in contention, the Court made efforts to identify the remaining discovery disputes and then ordered the parties to conduct a discovery conference and submit a written report. (Doc. 91). The Court's efforts proved futile as the parties failed to produce a report. Again, the Court ordered them to produce a written discovery report signed by both parties. (Doc. 97). Remarkably, the parties refused to follow the Court's order a second time and could not even agree which requests were still in dispute as evidenced by the separate and inconsistent reports they submitted. (Exhibits A & B).

The Court, without the benefit of a joint report from the parties, examined the discovery requests, answers, and corresponding objections and found that both parties had failed to satisfy the requirements of the Rules. Many of Ellenberger's interrogatories

and requests for production were vague, overly broad, and confusing, and the Court sustained many of Cottrell's objections on that basis. Of course, these are the very kinds of disputes that the "meet and confer" requirement is meant to address and remedy. But, Cottrell also objected to numerous interrogatories and requests for production on the basis of attorney client and work product privilege. Yet, Cottrell never produced a privilege log. Rule 26(b)(5)(A)(ii) requires that a party withholding discoverable information on the basis of privilege must produce a privilege log describing the specific documents withheld. "The purpose of a privilege log is to enable the opposing party and the Court to evaluate the applicability of the asserted privilege in order to minimize disputes . . . ." *FMC Corp. v. Trimac Bulk Transp. Servs., Inc.*, No. 98 C 5894, 2000 WL 1745179, at *1 (N.D. Ill. Nov. 27, 2000). When one party asserts privilege without producing a privilege log, neither the requesting party nor the Court has a way to assess whether the documents are truly privileged. This Court encountered the same problem as it faced a series of privilege-based objections without the benefit of a privilege log or a joint report from the parties by which to evaluate the basis for privilege. For this reason, the Court specifically overruled Cottrell's objections that were based on privilege.

The Court then held a hearing to determine if an award of attorney's fees was merited under Rule 37(a)(5)(C). After granting in part and denying in part a motion to compel, the Court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). "In determining the proper apportionment of expenses, or whether to apportion expenses at all, the court will look to the relative degree of success of the party seeking fees." *Belcastro v. United Airlines, Inc.*, No. 17-cv-1682, 2020 WL 1248343, at *4

3

(N.D. Ill. Mar. 15, 2020) (internal quotation marks and citation omitted). Any award of attorney's fees under Rule 37(a) should "deter a party from pressing to a court hearing frivolous requests for or objections to discovery." Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment. Without a privilege log, Cottrell has failed to show that its privilege-based objections were anything more than frivolous. Cottrell's failure to produce a privilege log also created the need for a motion to compel. Therefore, it is appropriate that Cottrell should bear a cost proportionate to its role in the dispute leading to the motion to compel. But that cost will be limited because the Court sustained some of Cottrell's objections to requests on the basis of being vague, overly broad, and confusing that, in the absence of needless contentiousness, should have been resolved in large part during a meet and confer.

Ellenberger's counsel has provided a statement of fees and expenses related to litigating the motion to compel. (Exhibit C). In the statement, he asserts that he billed a total of 28.2 hours related to the motion to compel. Ellenberger's counsel also asserts that $400 per hour is a reasonable rate based on his experience. The Court agrees and notes that Cottrell's counsel has been awarded fees at that rate recently. *See* Doc. 39, *Hill v. Cottrell, Inc.*, No. 20-cv-909-JPG (Aug. 2, 2021). Thus, Ellenberger's counsel asserts that his fees consisted of 28.2 billable hours at a rate of $400 per hour plus $48.16 in mileage for travel to Cottrell's counsel's office, totaling $11,328.16. However, the Court only granted Ellenberger's motion in part and must apportion the expenses reasonably. As discussed above, Ellenberger is entitled to an amount is roughly proportionate to the number of times Cottrell's counsel asserted privilege without providing a privilege log. Cottrell's

4

counsel asserted privilege in response to 18 of the 76 total interrogatories and requests for production, which represents about 24%. Thus, the Court finds that Ellenberger is entitled to an award of 24% of $11,328.16, which totals $2,718.76.

The behavior of counsel on both sides demands a few final comments and instructions from the Court. At the attorney's fees hearing, the Court ordered the parties to produce a joint proposed scheduling order. (Doc. 106). However, counsel for the parties again failed to follow the Court's order. Counsel for Cottrell provided one proposed scheduling order (Exhibit D), and counsel for Ellenberger provided two different proposed scheduling orders (Exhibits E & F). The parties have now failed to follow the Court's orders on at least three occasions. Sanctions for such willful behavior are certainly appropriate and within the Court's power. *See* Fed. R. Civ. P. 16(f), 41(b); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). The seriousness of the sanctions here should reflect, at least in part, the level of judicial resources that have been marshalled to address disputes that were readily resolvable with even a modicum of meaningful effort. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A) (providing a range of sanctions including staying proceedings until an order is obeyed, dismissing the action, rendering a default judgment, and treating failure to obey as contempt of court); *Lair v. Reyes*, No. 18-cv-1017-NJR-GCS, 2020 WL 9718813, at *14 (S.D. Ill. Mar. 17, 2020) (recommending "a substantial monetary penalty" for "conduct which demonstrates a lack of respect for the Federal Rules of Civil Procedure and the judicial process" and withholding more extreme sanctions only because defendants had not been warned); *Estate of Costner v. Phillips Petroleum Co.*, 121 F.R.D. 690, (W.D. Okla. 1988) (ordering monetary penalty and public

5

reprimand for attorneys' failure to meet court-imposed deadlines). Here, counsel is highly experienced and have been warned more than once. It is difficult to interpret the conduct of the parties as outlined above to be anything short of an expression of disregard for the Federal Rules of Civil Procedure and orders of this Court. The Court will, however, reserve ruling on the application of appropriate sanctions at this time.

Lastly, the Court wishes to address an issue that should not need addressing. The Court instructed the parties to send their joint reports and proposed scheduling order to the Court via email. The parties took these emails as opportunities to present arguments justifying themselves and blaming opposing counsel for their failure to follow the Court's orders. However, the Court's email inbox is not an appropriate forum for such arguments and discussions. The parties should present their written arguments in motions and briefs filed appropriately in the Court's docket.

In short, the attorneys in this case have failed to satisfy the requirements of the Federal Rules, the orders of this Court, and the basic standards of collegiality. The Court sincerely hopes that counsel will make all reasonable efforts to resolve any future discovery and scheduling disputes collegially and without unnecessary resort to this Court.

For these reasons, it is **ORDERED** that Cottrell shall pay Ellenberger **$2,718.76** of his expenses in litigating the motion to compel. Further, having considered the schedules proposed by the parties, it is **ORDERED** that the scheduling order is **AMENDED** as follows:

1. Plaintiff shall depose Bryan Howes on **December 17, 2021**, as agreed by the parties.

2. The parties shall supplement their expert disclosures with new information disclosed during discovery pursuant to Federal Rule of Civil Procedure 26(a)(2) by **December 31, 2021**.

3. Depositions of expert witnesses must be taken by **January 14, 2022**.

4. Discovery shall be completed by **January 21, 2022**.

5. Dispositive motions must be filed by **February 7, 2022**.

6. The final pretrial conference remains set for **May 5, 2022**.

7. Trial remains set for **May 16, 2022**.

   **SO ORDERED.**

   Dated: December 9, 2021

   _____
   DAVID W. DUGAN
   United States District Judge